UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CARL SCALISE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-178 |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| | § | |
| Defendant. | § | |

### ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

Now before the Court is Plaintiff Carl Scalise's "Motion for New Trial" (Dkt. No. 27), construed as a motion to alter or amend the Court's "Order Granting Defendant's Motion for Summary Judgment" (Dkt. No. 25) and accompanying "Final Judgment" (Dkt. No. 26) entered in favor of Defendant Allstate Texas Lloyds ("Allstate"). *See* FED. R. CIV. P. 59(e) (governing motion to alter or amend judgment); *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) (motion for new trial following summary judgment correctly analyzed under Rule 59(e)). Upon consideration of the Motion and the parties' responsive briefing (Dkt. Nos. 28, 29), in light of the relevant law, the Court finds that the Motion must be denied for the following reasons.

A party may obtain the "extraordinary remedy" offered under Rule 59(e) by demonstrating a "manifest error of law or fact," by presenting "newly discovered evidence," or "when there has been an intervening change in the controlling law." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479.

The Court's summary judgment order determined that Plaintiff could not withdraw from the contractual appraisal process he invoked due to the perceived bias of Allstate's chosen appraiser, Stephen Medeiros, and that Allstate's payment of the appraisal award negated Plaintiff's breach of contract and extra-contractual claims as a matter of law. (Dkt. No. 25). Accordingly, the Court entered final judgment for Allstate on those claims. (Dkt. No. 26). Plaintiff now asserts that the Court's judgment evinces "manifest errors of fact," in that it did not consider the refusal of Medeiros and the umpire, Paul Poncio, to inspect or consider damages claimed by Plaintiff and considered by Plaintiff's appraiser, James Ward, in estimating the total amount of loss. (Dkt. No. 27). According to the newly submitted affidavit by Ward, those damages included damage to the "pool shed, pool area, storage building, carport, exterior siding, exterior windows, fencing, sunroom, living room, back entry, stairway, left closet, right bedroom, and other structure." (Dkt. No. 29, Exh. A at ¶ 6).

As the Court recognized in its summary judgment order, "the scope of appraisal is damages, not liability," although the line between the two "may not always be clear." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 890 (Tex. 2009); *see* (Dkt. No. 25 at p. 6). Here, as in *Johnson*, "[t]he policy directs the appraisers to decide the 'amount of loss,' not to construe the policy or decide whether the insurer should pay." *Johnson*, 290 S.W.3d at 890; *see* (Dkt. No. 5, Exh. I at p. 24). Nonetheless,

> [a]ppraisers must always consider causation, at least as an initial matter. An appraisal is for damages caused by a specific occurrence, not every repair a home might need. When asked to assess hail damage, appraisers look only at damage caused by hail; they do not consider leaky faucets or remodeling the kitchen…. Any appraisal necessarily includes some causation element, because setting the 'amount of loss' requires appraisers to decide between damages for which coverage is claimed from damages caused by everything else.

*Johnson*, 290 S.W.3d at 893. Ultimately, "whether the appraisers have gone beyond the damage

questions entrusted to them will depend on the nature of the damage, the possible causes, the parties' dispute, and the structure of the appraisal award." *Id.*

Relying on the decision of the district court in *MLCSV10 v. Stateside Enterprises, Inc.*, 866 F.Supp.2d 691 (S.D.Tex. 2012), Plaintiff's Motion takes the position that Medeiros and Poncio exceeded their authority to determine the amount of loss by refusing to inspect or consider those damages for which coverage was claimed by Plaintiff. (Dkt. No. 27). *MLCSV10* observed that "Texas courts recognize 'three situations in which the results of an otherwise binding appraisal may be disregarded: (1) when the award is made without authority; (2) when the award was made as a result of fraud, accident, or mistake; or (3) when the award was not in compliance with the requirements of the policy.'" *MLCSV10*, 866 F.Supp.2d at 698 (quoting *Lundstrom v. United Servs. Auto Ass'n-CIC*, 192 S.W.3d 78, 87 (Tex.App.-Houston [14th Dist.] 2006, pet. denied)). With regard to the first situation, "'appraisers exceed their authority when they engage in making the legal determination of what is or is not a covered loss based on their determination of what caused the loss or a portion of it.'" *Id.* at 705 (quoting *Lundstrom*, 192 S.W.3d at 89). The plaintiffs in *MLCSV10* claimed damages resulting from two alleged covered events, a hurricane and vandalism, and asserted that the insurer's appraiser and the umpire had exceeded their authority "by deciding issues of coverage and causation reserved for courts." *Id.* at 703. With regard to claimed damages to the ductwork connected to the rooftop HVAC units of the insured property, the court determined that the appraiser and umpire

> did not conclude that there was no damage to the ductwork or that the damage to the ductwork was attributable to wear and tear. [They] did not inspect the ductwork because they concluded that neither the hurricane nor vandalism could have damaged it. [Plaintiff's appraiser's] testimony and the two estimate reports from A/C contractors that he submitted to the appraisal panel suggest that damage could have occurred if water leaked into the ductwork after the vandalism of the HVAC units left the ductwork exposed. Viewed in the light most favorable to the plaintiffs, the record evidence supports a finding either that the appraisal award is incomplete because it did not include

> any inspection of the ductwork or that [the appraiser and umpire] impermissibly found no coverage by finding that no covered event caused the ductwork damage.

*Id.* at 705. The court concluded that "[t]o the extent the appraisal award implicitly determined that the ductwork damage was not covered under the Policy," sufficient basis existed to set aside that part of the award. *Id.* at 707. Since the insurer had not tendered payment under a *complete* appraisal award, it could not obtain summary judgment on the grounds that such payment precluded the breach of contract and extra-contractual claims against it. *Id.* at 708.

The difficulty with Plaintiff's appeal to *MLCSV10* is that the three bases for setting aside an appraisal award were well-established by case law prior to Plaintiff's initiation of this suit and Allstate's filing of the summary judgment motion. As the Court observed in its order, Plaintiff did not seek to set aside the award; rather, he sought to avoid summary judgment by arguing that Medeiros's alleged bias and failure to include "obvious covered damages" in his estimate authorized Plaintiff's withdrawal from the appraisal process, or in the alternative that payment of the award did not preclude Plaintiff from pursuing his contractual and extra-contractual claims as a matter of law. (Dkt. Nos. 15, 23, 25). Plaintiff does not challenge any legal or factual error made by the Court in rejecting these arguments. *See* (Dkt. No. 27). Notwithstanding that Plaintiff did not ask the Court to decide whether Medeiros and Poncio exceeded their authority to determine the amount of loss, even if he had, the Court could not have discerned from the appraiser estimates and award made part of the summary judgment record whether either individual impermissibly refused to inspect or consider the damages now specified in Ward's affidavit. *See* (Dkt. No. 5, Exh. E; Dkt. No. 15, Exhs. C, G). Ward now attests to this refusal, but none of the facts to which he attests are "newly discovered"; they were known to him at the time of appraisal and therefore prior to the Court's consideration of the summary judgment motion. *See* (Dkt. No. 29, Exh. A). Finally, as stated *supra*, lack of authority is not a new basis

for setting aside an appraisal award, and even assuming that the cited analysis in *MLCSV10* is controlling law, that decision pre-dated this action. Constrained by the standard applicable to Plaintiff's Motion, the Court finds that it cannot grant the extraordinary remedy of relieving Plaintiff from the judgment against him.

For the foregoing reasons, the Court hereby **ORDERS** that Plaintiff's Motion for New Trial is **DENIED**.

SO ORDERED this 10th day of April, 2014, at McAllen, Texas.

*[signature: Randy Crane]*
Randy Crane
United States District Judge